## Atkinson, et al. v. Murphy.

(Decided October 21, 1924.)

Appeal from Muhlenberg Circuit Court.

1. Boundaries—Courses and Distances Departed from to Reach Natural Objects.—It is proper to vary from courses and distances to reach natural objects called for.

2. Appeal and Error—Where Law and Facts by Agreement Submitted to Trial Judge, his Judgment Given Weight of Verdict.—Where law and facts of common-law action by agreement are submitted to trial judge, his judgment will be given same weight as verdict of properly instructed jury.

3. Boundaries—Finding as to Location of Corner Sustained by Evidence.—In action involving location of corner, evidence held to sustain finding in favor of defendant, though corner claimed by him did not correspond with distances stated.

BELCHER & BELCHER for appellants.

WILKINS & SPARKS for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Affirming.

John S. Atkinson, who formerly resided in Muhlenberg county, Kentucky, was the owner of a great deal of real estate. On February 8, 1912, he conveyed to his son, H. B. Atkinson, the following described boundary of land:

"Beginning at an elm, Ben Reynolds' corner, in Murphy's line; thence W. about 190 poles to Cobb's corner, now G. H. Atkinson's corner, near the cut-off; thence S. with the meanders of the cut-off to a sugar tree and locust, now G. H. Atkinson's corner; thence about E. to an ash and two oaks marked as pointers; thence N. 80 poles to the beginning, containing 150 acres more or less."

On March 23, 1916, H. B. Atkinson conveyed the same tract of land to the appellee, W. J. Murphy. After the death of John S. Atkinson his surviving widow and heirs at law, who are the appellants herein, sued W. J. Murphy, the appellee, to recover possession of approximately 36 acres of land which they alleged he had wrongfully taken possession of and wrongfully claimed under the boundaries of the deed above. Murphy answered denying that he

was wrongfully in possession of the land and claiming it under his deed. The controversy between them relates to the location of the last corner, the corner calling for an ash and two oaks marked as pointers, and may best be illustrated by reference to the subjoined plat.

Appellee Murphy claims under his deed the boundary "B," "A," "D" and "G," while appellants claim that under the deed he took only the boundary "B," "A," "D" and "E." When tried in the court below a jury was waived and both law and facts were submitted to the court. After hearing the evidence the trial court concluded that the proper location of the last corner of the survey where an ash and two oaks marked as pointers are called for was at the point marked by the letter "G" on the plat, and entered judgment dismissing appellants' petition and adjudging that appellee recover his costs. This is an appeal from that judgment.

Appellants and appellee both agree as to the proper location of the corners "B," "A" and "D." Appellee claims that one of the two oaks referred to as marking the last corner is yet standing and that he has established by proof that the ash and the other oak properly marked formerly stood at the point designated by the letter "G" on the plat. Appellants claim that the Spanish oak standing at the point designated as "G" is marked as a corner tree and not as a pointer, and that it marks the corner of another boundary of land and not the boundary

conveyed by John S. Atkinson to H. B. Atkinson and by
H. B. Atkinson to appellee, Murphy, and that the last cor-
ner of that tract of land can properly be located only by
reversing the closing call of the survey and running from
the beginning corner the distance 80 poles. Their loca-
tion of the corner made in this way is designated on the
plat by the letter ''E.'' Appellants' contention is sus-
tained only by the distance called for in the closing line
of the survey. If John S. Atkinson, in conveying to H.
B. Atkinson, intended by the description of the tract of
land to convey to him the corner claimed by appellants
at ''E,'' he intended to make at that point a new corner,
one that had never before been the corner of any tract of
land. Only about ten years elapsed between the making
of that deed and the institution of this lawsuit. Appel-
lants did not prove by anyone that the ash corner and the
two oaks marked as pointers ever stood at the point des-
ignated by the letter ''E'' or that timber of the species
mentioned standing at or near the point designated by the
letter ''G'' was ever marked to fit the description in the
deed. Appellants did establish by proof that some 25 or
30 feet from the point they designate as the corner an
ash stump stands and that two oak stumps stand some
35 or 40 feet from that point, but none of the witnesses
testified that those trees were ever marked in any way,
although they had been cut only three or four years.

There are sixteen of the appellants who claim the
land in controversy. They seem to be the children of
John S. Atkinson, deceased. Only one of them testified
herein. The husband of another of them testified. Only
one other witness testified for appellants, the surveyor
who located the corner at ''E'' by reversing the closing
line of the survey from the beginning corner and running
the distance 80 poles. It seems reasonable to assume if
at the time John S. Atkinson deeded the land to his son
he made a new corner at ''E'' and marked the timber to
correspond with the description given in the deed, ''an
ash and two oaks marked as pointers,'' that some of his
children would have known of that fact and that appel-
lants could have proved that the trees from the stumps
testified about as standing near the corner ''E'' were
marked to fit that description, because the deed was made
only ten years prior to the institution of the action and
the trees were cut within four years before it was tried.
The son to whom the tract was conveyed and who sub-
sequently conveyed it to appellee, though a party, did

not testify. The witnesses on both sides agree that there is a marked Spanish oak standing at the point where appellee contends the corner should be located designated by the letter "G" on the plat. One of the witnesses for appellants claimed, however, that this Spanish oak is marked, not as a pointer, but as a corner tree with appropriate markings on either side to denote the approach and departure of the lines of the older surveys. None of appellants' other witnesses testified as to how this tree was marked but merely stated that it was a marked tree. Appellee testified that the Spanish oak standing was marked as a pointer; that he had known the tract of land for years; that the ash called for formerly stood at that point; that the ash was marked as a corner tree and the two oaks as pointers, and he establishes the same facts with reference to those trees by his witnesses.

It appears that some three or four years before this lawsuit was instituted and while appellee, Murphy, and the appellants then owned the same lands they now own, all the lands in this vicinity were affected by a drainage project and assessed on an acreage basis to pay for same. At that time a survey was made upon which the assessment against the various landowners to pay for the drainage project was based, and the Spanish oak standing at the point designated by "G" on the plat was used as the corner in that survey, and Murphy was assessed on the acreage lying above the line "D" "G," while appellants were assessed on the acreage lying south of that line. It was proved by witnesses for appellee that John S. Atkinson stated that the standing Spanish oak was the southeast corner of the tract of land he had conveyed to his son, H. B. Atkinson, and which H. B. Atkinson subsequently sold to appellee, Murphy.

The principle is too well settled to need citation of authority that it is proper to vary from courses and distances given in the description of a tract of land in order to reach the natural objects called for. It is also uniformly held in this jurisdiction that where the law and facts of a common law action by agreement are submitted to the trial judge his judgment will be given the same weight as is accorded to the verdict of a properly instructed jury. Our consideration of the facts of the case leads us to conclude that when John S. Atkinson conveyed the land now owned by appellee to his son he did not intend to establish a new corner at "E" but that he intended to and did convey to him the land down to the

old established corner at "G" where the same timber, "an ash and two oaks," had stood as natural objects marking the corner. To reach the beginning corner from that point the closing line of the survey has to be extended no further in proportion than it is necessary to extend all the other lines to reach the agreed corners. The courses of the lines are not sufficiently definite, as the description is given, to be of great value in determining the boundary conveyed. The boundary is recited by the deed to contain 150 acres, more or less. That is worth very little to us as, when located as appellants contend, it contains 173.40 acres, and, as appellee contends 207.33 acres. We conclude that the weight of the evidence sustains the judgment of the trial court, and certainly that the judgment is not flagrantly against the weight of the evidence.

For the reasons indicated, the judgment herein is affirmed.