## Dowdy v. McGuire.

(Decided November 9, 1926.)

## Appeal from McCracken Circuit Court.

1. Trial.—Failure to specifically limit recovery for lost time to amount claimed in complaint for that item held reversible error; general instruction limiting recovery for suffering and lost time to total claimed being inadequate.

2. Damages.—Though evidence shows that value of time lost is greater than that alleged in petition, instructions must confine jury to amount alleged in petition for lost time.

WHEELER & HUGHES for appellant.

JAMES T. WEBB for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

Appellee, McGuire, who claims she was injured in an automobile collision, sued appellant, Dowdy, in the McCracken circuit court for $10,000.00 for pain and suffering, $200.00 for loss of time and $500.00 smart money, and was awarded a verdict and judgment for $1,800.00. Dowdy appeals, claiming that appellee was but slightly injured, if at all; that her incapacity, if any, she suffered was from an incurable disease contracted long before the accident, and that the verdict for $1,800.00 is excessive, and so strikes the mind at first blush; that the instructions were erroneous and prejudicial. The appellee, with her husband and small son, were driving along the public highway near Sedalia in a Ford touring car when, at a sharp turn in the road, they met appellant, Dowdy, in another and larger car traveling in the opposite direction and the cars collided. Appellee insists that appellant was drunk and driving at a high rate of speed and operating his car in a reckless and negligent manner and that his negligence and want of care brought about the collision and injury to her. On the other hand, Dowdy insists that he was driving at a very moderate rate of speed and that he was not drunk and did not negligently drive into or strike the car in which appellee was riding. The case was submitted to a jury by five instructions, the second

of which, appellant contends, was erroneous and slightly prejudicial. It reads:

"If you find for plaintiff, you will find for her such a sum in damages as you may believe from the evidence will fairly and reasonably compensate her for physical and mental pain and anguish, if any of either, on account of said accident, and injuries which she has endured or which she may hereafter endure; and for time lost, if any, not exceeding in all $10,-200.00, the amount claimed in the petition."

Appellant says that appellee sued for $200.00 lost time and $10,000.00 for pain and suffering, but that the court failed to instruct the jury not to award any sum in excess of $200.00 for lost time, and that this was error, since the instruction allowed the jury to find for her an aggregate sum not to exceed $10,200.00, and the jury may have concluded that $200.00 was not enough for her lost time and may have given her a considerably larger sum on that account, which went to make up the verdict of $1,800.00, on which the judgment appealed from was entered.

On the other hand, the appellee insists that the instructions given by the court were authorized by the facts, being in accord with the law laid down by this court in the case of L. & N. Railroad Company v. Marshall, 110 S. W. 885. It is averred in the petition "that her (appellee) injuries were all caused by the negligence and carelessness of the defendant, and by reason of such injuries she has sustained damage in the sum of $10,-000.00, and said injury and damage was and is the proximate result of the negligence and carelessness of the said Del Dowdy; that by reason of said injury she had been compelled to lose time, lay in bed for many days and on account of lost time she has been damaged in the sum of $200.00."

It will be observed that appellee pleads lost time to the extent of $200.00 and damages by reason of her pain and suffering in the sum of $10,000.00. As appellee asked for no more than $200.00 for lost time, it was not within the power of the jury or the court to grant her more than that sum upon that item. It was, therefore, the duty of the court to say to the jury that if it found for the plaintiff, McGuire, to award her such sum in damages as it believed from the evidence would fairly com-

pensate her for the time lost by her as the direct and proximate result of her injury, if any, sustained in the collision, not to exceed the sum of $200.00 upon this item; and such further sum, if any, as the jury may believe from the evidence will fairly and reasonably compensate her for the pain and suffering endured by her as the proximate result of the negligence and carelessness of the defendant, Dowdy, in so operating his car as to cause the collision, if the jury believes from the evidence that he did so operate his car so as to bring about the collision, not to exceed in all the sum of $10,000.00, but in no event shall the jury find a sum to exceed $10,200.00, the amount claimed in the petition. L. & N. R. R. Company v. Logsdon, 114 Ky. 746. And it has been held that although the evidence may show the value of the time lost to be greater than that alleged in the petition, nevertheless the instructions must confine the jury to the amount alleged in the petition for lost time. Lovell, &c. v. Justice, 147 Ky. 642.

The instruction on the measure of damages should have confined the jury in the instant case to the sum alleged as having been suffered for loss of time by appellee, $200.00, and the court was not authorized to submit the question of the value of lost time to the jury for any greater sum than $200.00. Nor was the jury, under the pleadings, authorized to find a greater sum than $200.00 for lost time. For the failure of the court to properly instruct the jury upon this item the judgment is reversed for proceedings consistent herewith.

Judgment reversed.