## City of Frankfort et al. v. Ballew et al.

May 30, 1941.

142

Guy H. Briggs and Charles Hobson for appellants.

Polk South and W. C. Marshall for appellees.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Reversing.

The appellees, plaintiffs below, allege they are the owners of a house and lot located on East Main Street in Frankfort, which is occupied by James Ballew as a home; that D. D. Smith, the Mayor of Frankfort, owned a vacant lot adjoining their property and that since the — day of April, 1938, the City and Smith have wrongfully dumped garbage and other refuse matter on this lot, thus creating foul odors and a harbor for rats and other vermin, thereby damaging plaintiff's property in the sum of $5,000. The action was brought in equity and an injunction was asked against the defendants continuing the nuisance.

The City and Smith filed separate answers. After traversing the petition, the City pleaded affirmatively it had on one or two occasions dumped mud and branches of trees on the lot, but that they were in no way offensive, and it stopped doing this upon receipt of a complaint from plaintiffs. Smith's answer was also a general denial, followed by an affirmative plea

that the only matter he had caused to be dumped on this lot was stone and dirt which was not objectionable and which was used to fill a ravine on his property. He further pleaded the dumping was done with the consent and acquiescence of the plaintiffs and under their directions, and they are thereby estopped from now complaining. The issues were completed by a reply.

The question of damages was tried before a jury on an issue out of chancery. Due to the illness of the city attorney, the jury trial had to be postponed and by agreement an order was entered on December 13, 1939, restraining the City and Smith from dumping or permitting anyone to dump any material on the lot which would change the surface or condition thereof, "until a trial and decision of the matters involved in this action may be heard and had". The trial resulted in a verdict for $1,500 against both the City and Smith, which was adopted by the chancellor and in rendering judgment thereon, he made the temporary injunction of December 13th, permanent.

There is some testimony in the record that city trucks dumped objectionable matter on this lot and that Smith requested certain city officials and employees to fill it; also, that others dumped such debris thereon with Smith's consent. Then, there is testimony the plaintiff, James Ballew, acquiesced in the dumping to the extent of directing how and where the refuse should be placed on Smith's lot. As the evidence was conflicting on these issues, it was proper for the court to submit them to the jury.

James Ballew filed a protest in writing with the City on September 29, 1939, requesting the abatement of the nuisance, and testified that prior thereto he had requested Smith to stop the dumping. If James did acquiesce or consent to this dumping, he cannot recover damages from the City or from Smith for the period during which he consented. However, his recovery is not limited from the time he gave the formal notice to the City and Smith, but he can recover for a period extending back to the time he complained to them, but not extending back of April, 1938, the date his petition alleges the nuisance started. One cannot consent to a nuisance and then recover damages therefor; and such consent once given will be presumed to continue until

withdrawn, or until objection to the nuisance is made. Louisville & N. R. Co. v. Daugherty, 36 S. W. 5, 18 Ky. Law Rep. 273; Karcher v. City of Louisville, 213 Ky. 824, 281 S. W. 1010.

The plaintiff's property was never invaded by refuse dumped on the Smith lot, and the evidence shows that plaintiff's only damage was from the annoyance of rats and flies inhabiting the dump and the obnoxious odors emitted therefrom. The recognized rule is that if the nuisance is permanent, the measure of the damages is the depreciation in the market value of the property. If it is temporary and capable of correction at reasonable cost, the measure of damages is the diminution in the use of the property during the continuance of the nuisance, City of Hazard v. Eversole, 280 Ky. 621, 133 S. W. (2d) 906, and cases therein cited. It is common knowledge that odors, rats and flies are but temporary, and all that is necessary to abate this nuisance is to cover the dump with dirt, which can be done at small cost. This will also eliminate any fire hazard by reason of any inflammable material that may be thereon.

The evidence shows the only damage suffered by plaintiffs was temporary, therefore, the court erred in instructing on permanent damages. It is worthy of mention that the verdict expressly stated the property was permanently damaged. There should be inserted in the first instruction (or else given separately) in appropriate language that plaintiffs cannot recover damages for any period of time during which they, or either of them, consented or acquiesced to the dumping, if they did so do. But this does not mean that their recovery cannot extend back of the time at which the formal notice was filed if there is evidence the City and Smith were notified or requested previous thereto to discontinue the nuisance.

Instruction number 3 relative to the measure of permanent damages should be omitted. In number 5 the words "or which reduced or destroyed the reasonable market value of their property" should be eliminated, and the court should add at the end of this fifth instruction after the word "defendant", "City of Frankfort". In lieu of the seventh instruction the court should give a replica of number 5 in behalf of Smith.

Inadvertently the court made both number 5 and 7 apply to the City when it is evident number 7 should have applied to Smith. The other instructions are substantially correct, however, in number 6, the word ''either'' in the second line will be substituted for ''both''; and the word ''or'' will be substituted for ''but'' in the seventh line of this instruction.

Manifestly, the chancellor did not intend to perpetuate the temporary injunction in the form he did. That would prevent Smith from changing the surface or condition of his lot and would prevent the abating of the nuisance. The permanent injunction should be amended so as to prevent the dumping of matter on the lot which creates a nuisance, but Smith should not be permaently enjoined from changing the surface or condition of his property.

The judgment is reversed for proceedings consistent with this opinion.