## Board of Councilmen of City of Frankfort et al.
## v. Ballew et al.

Oct. 29, 1943.

Marion Rider for appellants.

Polk South, Jr., and W. C. Marshall for appellee.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

The facts out of which this litigation arose are set forth in our former opinion reversing the judgment awarding James and John Ballew, $1,500 in damages for the permanent injury to their property resulting from an alleged nuisance (City of Frankfort et al. v. Ballew, 287 Ky. 141, 151 S. W. (2d) 1063). On its return to the Circuit Court, the action, which had been in-

stituted in equity and tried before a jury on an issue out of chancery, was transferred to the common law docket. On the succeeding trial, under instructions which, pursuant to our direction, eliminated the issue of permanent damage, the jury returned a verdict reading: "We, the jury, find the defendants guilty of $1,000.00". On this verdict the Court entered judgment against each of the defendants for $500, and this appeal followed.

That the damages awarded were grossly excessive as contended by appellants, we think there can be no doubt. According to the petition, the dumping of garbage and refuse on Smith's lot, which created the nuisance of which the plaintiffs complain, began "on or about the ———— day of April, 1938," and continued according to James Ballew, until December 13, 1939, when the Court granted a temporary injunction. James Ballew, who lived in the house on the adjoining lot owned by himself and brother (the property claimed to have been damaged by the nuisance), also testified that its rental value before the dumping began was $35 per month; that the dump began to smell in the summer of 1938, and continued to do so "about all the time in the summer months"; that because of the smell he could not eat or sleep; and that he spent most of the time away from home. Asked how long that continued, he answered, "Well, several months." It is true that he claims there were other annoyances, such as rats and vermin, but the testimony of his witnesses does not indicate that the rental value of the property was diminished by the nuisance more than one-half. One of plaintiffs' witnesses placed the rental value of the property before the nuisance was created at from $25 to $30 per month; and, taking the latter figure as a fair valuation, and assuming that the value of the use was totally destroyed during the entire period of nineteen and a half months, notwithstanding the testimony that the smell was not noticeable during the winter months, the temporary damages which plaintiffs sustained could not have exceeded $600.

Moreover, the instructions did not clearly convey to the jury that the plaintiffs could not recover damages for any period of time during which they or either of them may have consented to or acquiesced in the dumping. As directed in our former opinion, this admonition should be inserted in the first instruction, or else given sepa-

rately in such language as will leave no doubt as to its meaning. Since the second instruction properly limited the recovery, if any, to the diminution in the value of the use, the concluding phrase of the preceding instruction which would seem to permit the recovery of general damages should be omitted, and in lieu thereof, following the word, "property," there should be inserted, "the law is for the plaintiffs and the jury should so find."

We think also that the Court should have sustained appellants' objection to the injection into the testimony of the City Ordinance of 1894, prohibiting the dumping of offensive matter in the City, and KS Section 3296 (KRS 85.250) requiring the mayors of third class cities to see to it that the laws and ordinances of the city are observed and enforced, and that all officers of the city discharge their duties. This action was instituted to enjoin and recover damages for the creation of a common law nuisance, and neither of the enactments was mentioned in the pleadings or was material to the decision of the case. Undoubtedly prejudicial were the questions asked the Mayor by plaintiffs' counsel for the purpose of disclosing the Mayor's ignorance of the ordinance and statute, and hence, inferentially, of his duties. The question to be determined was whether appellants dumped offensive matter on the Smith lot without plaintiffs' consent or acquiescence and thereby created a nuisance which diminished the value of the use of plaintiffs' adjoining property—not whether the Mayor knew the law or failed to perform the duties of his office. Our conclusion with respect to the incompetency of this testimony insures against a repetition of the objectionable remarks to the jury in the closing argument of which the appellants complain.

Judgment reversed.