ADAMS CONSTRUCTION COMPANY, Inc.,
Appellant,

v.

Palmer BENTLEY, Jr., et al., Appellees.

Court of Appeals of Kentucky.

May 20, 1960.

F. Byrd Hogg, Whitesburg, for appellant.

Harry M. Caudill, J. L. Hays, Whitesburg, for appellees.

PALMORE, Judge.

This is an appeal by the operator of an asphalt mixing plant from a $2,500 judgment awarded the appellees for diminution in the value of the use of their property during the maintenance of a temporary nuisance. The existence and disagreeable effects of the nuisance were amply proved, and no question is raised as to appellant's liability. It is contended, however, that the trial court should have sustained appellant's motion for a new trial on the ground of excessive damages.

Appellees own three dwellings and a store building on U. S. Highway 23 near the city of Jenkins in Letcher County. They live in one of the dwellings, a 7-room house, and rent out the other two, which have four and three rooms, respectively. The store building was available for rent but actually has not been rented since 1952. The nuisance consisted of dust and contamination discharged into the atmosphere and descending on and into this property during the seasonal operation of the mixing plant for six months in 1956 and six months in 1957, a total of 12 months. The condition was so bad in 1957 that the appellees and their baby were forced to vacate the premises for 4½ months.

There was no evidence as to whether income had been lost from the rental properties during or as the result of the nuisance, nor was there any evidence of the rental value of any of the property except that at the time of the trial the 3-room house had been recently rented for $15 per month. The total value of all the property was estimated by the appellee Palmer Bentley, Jr., at $16,000.

Where the property is occupied by the owner the measure of damages in a temporary nuisance case is the diminution in the value of the use of the property during the continuance of the nuisance, and if the property is not occupied by the owner it is the reduction in the rental value during that period. Texas Co. v. Sowers, Ky. 1953, 258 S.W.2d 924; City of Hazard v. Eversole, 1939, 280 Ky. 621, 133 S.W.2d 906; Standard Oil Co. of Ky. v. Bentley, 1935, 260 Ky. 185, 84 S.W.2d 20; City of Madisonville v. Nisbit, 1931, 239 Ky. 366, 39 S.W.2d 690; Southern R. Co. v. Routh, 1914, 161 Ky. 196, 170 S.W. 520; City of Madisonville v. Hardman, 1906, 92 S.W. 930, 29 Ky.Law Rep. 253.

■ Since neither the rental value nor the loss of rents from any of the buildings was proved there was no case to submit to the jury except as to the 7-room dwelling occupied by the appellees. This was the effect of the instruction on damages given by the trial court, which was:

"If you find for plaintiffs under Instruction A you will find for them such a sum in damages, if any, as you may believe from the evidence will fairly compensate them for the diminution or reduction, if any, in the value of the use and enjoyment of their said premises, owned and occupied by them, not to exceed $10,000.00, the amount claimed on the complaint."

Prior decisions of this court furnish little or no clue as to how the "value of the use" of property is to be measured. In at least some other jurisdictions, however, it appears to be synonymous with rental value:

"Where the injury is temporary or remediable, the measure of damages is not the depreciation of the value of the property, but the depreciation of the rental or usable value during the continuance of the injury * * *." 66 C.J.S. Nuisances § 175, p. 978.

"Compensation is recoverable for the diminution in value of use of premises, measured usually by the diminution in rental value." Sedgwick on Damages (9th ed.), § 948 (Removable nuisance—Elements of loss).

See also 15 Am.Jur. 519 (Damages § 110), and annotation at 87 A.L.R. 1384, 1390.

■ Though the origin of the distinction is obscure, it may be assumed from its existence that the value of the "use" of property is not necessarily restricted to its rental value. Hence it is possible for property which is not rentable to have some use value to the occupant, though it might well be measured by what rent he would have to pay for something comparable. But in any event, there must be introduced in evidence some tangible figure from which the value of the use reasonably can be deduced, else the court and jury are left to draw entirely on their experience aliunde, or upon naked speculation. Even life itself, the most inestimable thing of all, is measured by the law in terms of earning power. In the case before us there was no evidence either as to the rental value of the dwelling in question or as to the rental value of other comparable property. Even the market value of the home might have provided a reasonable basis against which the value of one year's use could be measured. Assuming, however, that the house was worth the whole $16,000, valuing the other buildings at nothing, it is manifest at first blush that $2,500 was arbitrarily excessive for the diminution in the value of its use for a total of 12 months. See Board of Councilmen of City of Frankfort v. Ballew, 1943, 295 Ky. 614, 175 S.W.2d 16; Humphrey v. Mansbach, 1936, 265 Ky. 675, 97 S.W.2d 573.

■ The appellees do not defend the amount of damages on the merits. Their sole contention is that because the instructions were given verbatim as offered by appellant, any error therein was self-invited and appellant may not question the amount of the verdict where the instructions "permitted and authorized" damages in any sum not to exceed $10,000. Cf. Pope-Cawood Lumber & Supply Co. v. Dean, 1946, 303 Ky. 537, 198 S.W.2d 227. The argument is more ingenious, however, than sound.

■ CR 59.01(4) states as a ground for new trial "Excessive or inadequate damages, appearing to have been given under the influence of passion or prejudice *or* in disregard of the evidence *or* the instructions of the court" (emphasis added). The necessary implication of this phraseology is that a verdict may be excessive without being contrary to the instructions. Appellant attacks the verdict as unjustified by the evidence, not the instructions.

An instruction limiting recovery to the amount demanded in a pleading does not necessarily authorize a verdict for any sum not exceeding that amount. To the extent that the existence of the limit implies authority, the authority is merely provisional, and subject to what might be likened to a condition subsequent. The condition subsequent is that if the amount of recovery be found as a matter of law clearly to exceed the damages authorized under the evidence the verdict must, on proper motion, be set aside. Where an item of damage can be and is proved as a sum certain the instructions should, of course, limit recovery to that sum if it is less than the amount pleaded. Gess v. Wilder, 1931, 237 Ky. 830, 36 S.W.2d 617. Otherwise, however, the accepted form of instruction has always limited recovery to the amount pleaded. Louisville & N. R. Co. v. Engleman's Adm'x, 1911, 146 Ky. 19, 141 S.W. 374; Pape v. Sutherland, 1949, 310 Ky. 199, 220 S.W.2d 372. That the law regards it as right and proper to use such a figure in the instructions though it may be obviously excessive, and thereby subjects the verdict to a later attack, perhaps is questionable from the standpoint of abstract theory, but it is a rule made imperative by practical necessity. The only alternatives would be an unlimited instruction or a limit estimated by the trial court, either of which would be manifestly worse. Therefore, the rule is that a verdict may be attacked as excessive even if it is in conformity with proper instructions. CR 59.01(4).

Appellant's liability has been properly proved and determined. Upon remand it is necessary only that the amount of damages be ascertained. Commercial Carriers, Inc. v. Matracia, Ky.1958, 311 S.W.2d 565; Louisville & N. R. Co. v. Mattingly, Ky. 1958, 318 S.W.2d 844.

The judgment is affirmed in part and reversed in part with directions that a new trial be granted on the sole question of damages.