**CITY OF ASHLAND, Kentucky, a Municipal Corporation, Appellant,**

v.

**Gerald C. SMITH, Appellee.**

Court of Appeals of Kentucky.

Nov. 11, 1960.

A. W. Mann, Arthur T. Bryson, Jr., Ashland, for appellant.

P. H. Vincent, Ashland, for appellee.

MONTGOMERY, Judge.

Gerald C. Smith recovered judgment in the sum of $2,000 against the City of Ashland for water damage to his property arising out of alleged negligent street work. The City has moved for an appeal and urges that the damages are excessive.

In 1956, the City, pursuant to KRS 94.500 and 94.510, resurfaced Greenway Road upon which appellee's property fronted. Appellee alleged as his cause of action that appellant in resurfacing the street raised the street surface level, thus causing surface water from other properties to flow upon his property in such quantity and at such frequency that its use and occupancy were damaged. The damages were awarded under an instruction offered by appellee which authorized a verdict to compensate for the diminution in the value of the use and occupancy of appellee's property from November 1956, when the improvements were made, to the date of the filing of the complaint on September 23, 1957. No objections to the instructions were made by appellant.

Appellee owned a one and one-half story brick house. The front yard appears to have been filled. The basement with garage combined is on a lower level. The natural drainage of the lot flows from the front to the rear and toward the sides.

The indicated purchase price of the property in 1954 according to the stamps on the deed was $14,000. Appellee lived alone and was not at home much of the time because of the nature of his employment. He testified that on four occasions his property had been flooded and water had been in his basement to a probable depth of one-quarter inch. The principal complaint as to damage from the water seems to have been that it got underneath the furnace and washing machine, causing rust, and the moisture caused his tools, valued at $4,000 to $5,000, and hunting equipment to get wet and to rust.

It is unnecessary to detail all of the evidence introduced by appellee. The issue on damage was the diminution in the value of the use and occupancy of appellee's property from November 1956 to September 23, 1957. The testimony was not restricted to this issue.

The problem of how to measure the value of use of property was considered recently. Adams Const. Co. v. Bentley, Ky., 335 S.W.2d 912, 914. In that case, the injury to the use and occupancy of the property was in the nature of dust and atmospheric contamination for a period of twelve months, during which the premises had to be vacated for four and one-half months. In holding the allowance of damages to be excessive, it was said:

"Assuming, * * * that the house was worth the whole $16,000, * * * it is manifest at first blush that $2,500 was arbitrarily excessive for the diminution in the value of its use for a total of 12 months."

In the present case, the appellee occupied the house when he was not traveling, the water or moisture interfered only partially with the use and occupancy, and on only four occasions during an approximate ten months' period were the use and occupancy disturbed. It should be borne in mind that the damages sought are of a temporary nature for a limited period rather than damages for permanent injury. There is no specific proof as to amount of the damage, if any, done to the tools, hunting equipment, furnace, and washing machine about which appellee complained. Some of the testimony introduced in behalf of appellee was in the nature of proof of damages for permanent injury which does not justify the verdict obtained on the cause of action stated and issue submitted to the jury. The damages in the sum of $2,000 are excessive.

Appellant's liability has been established. On retrial, only the issue of damages should be submitted to the jury. Louisville & N. R. Co. v. Mattingly, Ky., 318 S.W.2d 844.

The motion for an appeal is sustained and the judgment is reversed only on the damages awarded, with direction to grant a new trial on this issue alone.