RENDERED:  MARCH 15, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0259-MR

MICHAEL DARREN BOYD                                        APPELLANT


APPEAL FROM CUMBERLAND CIRCUIT COURT
v.                HONORABLE DAVID WILLIAMS, JUDGE
ACTION NO. 19-CI-00053


MARK SCHWENKE AND GLENDA
SCHWENKE                                                    APPELLEES


OPINION
AFFIRMING IN PART, REVERSING IN PART,
AND REMANDING

** ** ** ** **

BEFORE:  LAMBERT, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE:  This appeal concerns a dispute between Michael Darren

Boyd ("Boyd") and Mark and Glenda Schwenke ("Schwenke") over a roadway.

Following a jury trial, the Cumberland Circuit Court entered a judgment which

held the Schwenkes had a prescriptive easement over the roadway, enjoined Boyd

from obstructing the roadway, and awarded the Schwenkes $5,000 in damages.

Boyd appeals the permanent injunction and damage award.[1]  For the reasons below, we affirm in part, reverse in part, and remand.

Boyd and the Schwenkes own neighboring real estate in Cumberland County, Kentucky.  In 2019, the Schwenkes purchased an 8-acre plot of land for Mark Schwenke's ("Mark") brother to live on, the only access to which was an unimproved road.  Shortly after the Schwenkes bought the property, Boyd blocked the roadway with a shipping container, preventing their access.  The Schwenkes brought an action in Cumberland Circuit Court, seeking a permanent injunction, recognition of their right to use the road, and damages.  Boyd eventually removed the container, but by that time the Schwenkes had been unable to access their property for one and a half years.

A jury trial was held on the easement and damages claims.  Mark testified he bought the property for his brother, Luke, to live on.  But when Boyd blocked the road, that was delayed.  The road became overgrown during that time because they could not use or maintain it.  Luke currently lives on the property in his recreational vehicle, and Mark has built a small cabin that he uses weekly for Bible studies.  Luke confirmed he had lived on the property for eighteen months.  He maintains the property and pays rent, although not a set amount.

---

[1] Boyd does not appeal the easement determination.

Following the evidence, the jury found in favor of the Schwenkes and awarded $5,000 in damages. In its judgment, in addition to the damage award, the court issued a permanent injunction, ordering that Boyd "shall not obstruct the passage of anyone along said road . . . [or] place any obstacle on, over or in the road." Boyd moved for judgment notwithstanding the verdict (JNOV), arguing the damage award was not supported by substantial evidence. He also moved to alter, amend, or vacate the damage award, and the permanent injunction because it was not supported by the jury's verdict, or within its purview since it is an equitable remedy. The court denied the motion. This appeal followed.

"[T]he standard of review regarding the amount of damages awarded is whether the trial court abused its discretion when it denied [appellant]'s motion for JNOV." *Banker v. University of Louisville Athletic Association, Inc.*, 466 S.W.3d 456, 463 (Ky. 2015). Further, "[t]he amount of damages is a dispute left to the sound discretion of the jury . . . . If the verdict bears any reasonable relationship to the evidence of loss suffered, it is the duty of the trial court and this Court not to disturb the jury's assessment of damages." *Hazelwood v. Beauchamp*, 766 S.W.2d 439, 440 (Ky. App. 1989). Boyd argues the jury's damage award was not supported by substantial evidence. We agree.

"The measure of damages for obstruction of a passway is the diminution in value of the use of the property during the time the obstruction

continued, and rental value is a relevant factor in determining the amount of damages." *Wells v. Sanor*, 151 S.W.3d 819, 825 (Ky. App. 2004) (internal quotation marks and citation omitted).  Here, there was no evidence or testimony concerning the rental value of the property during the 1.5 years the Schwenkes were denied access.  Mark testified he bought the property for his brother to live on and that that was delayed when Boyd blocked the roadway.  Luke currently lives on the property and pays some money towards rent, but the amount was not specified.

"[D]amages must always be proven with reasonable certainty." *Curry v. Bennett*, 301 S.W.3d 502, 506 (Ky. App. 2009), *as modified* (May 1, 2009) (citation omitted).  "[T]here must be introduced in evidence some tangible figure from which the value of the use reasonably can be deduced, else the court and jury are left to draw entirely on their experience aliunde, or upon naked speculation." *Adams Const. Co. v. Bentley*, 335 S.W.2d 912, 914 (Ky. 1960).  This tangible figure could be "the rental value of the dwelling in question or . . . the rental value of other comparable property." *Id.*  In this case, the best evidence of damages would likely be what Luke would have paid Mark over the 1.5 years the roadway was blocked.  Other evidence would also suffice, such as the rental value of comparable property.  But there must be some "tangible figure from which the

value of the use reasonably can be deduced[.]" *Id.* Therefore, we must reverse for a new trial on damages.

Boyd also argues the trial court erred in granting injunctive relief because the jury made no such finding and has no authority to award injunctive relief. Essentially, he argues the court should not have included equitable relief in its judgment following a jury trial because that issue was not properly before the court. We disagree.

"[I]njunctive relief is basically addressed to the sound discretion of the trial court. Unless a trial court has abused that discretion, this Court has no power to set aside the order below." *Maupin v. Stansbury*, 575 S.W.2d 695, 697-98 (Ky. App. 1978) (citations omitted). An abuse of that discretion occurs only when the "decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Commonwealth ex rel. Conway v. Thompson*, 300 S.W.3d 152, 162 (Ky. 2009).

The Schwenkes complaint sought a determination of their easement rights to the roadway, injunctive relief, and damages. The easement and damages questions were tried by jury. At that time, the issue of a permanent injunction was still pending before the court. Once the jury determined the Schwenkes had an easement, the court could rule on the permanent injunction. *See* CR[2] 65.01 ("A

---

[2] Kentucky Rules of Civil Procedure.

party may obtain injunctive relief in the circuit court by . . . permanent injunction in a final judgment."). We find no error in the trial court's procedure of including the injunction in its final judgment following the jury trial.

We further find the trial court did not abuse its discretion in issuing the injunction. The final judgment found the Schwenkes have a prescriptive easement over the roadway and permanently enjoined Boyd from "obstruct[ing] the passage of anyone along said road . . . [or] plac[ing] any obstacle on, over or in the road." Boyd has not appealed the easement determination, thus there is no question the Schwenkes have the right to use the roadway free from Boyd's interference. Instead, Boyd appears to take issue with the broad language of the court's injunction. He argues he "has a right to protect his land and can erect a gate or other[wise] restrict access provided he does not unreasonably interfere with [the Schwenkes'] access[,]" citing the general rule that a servient "owner cannot unreasonably interfere with the rights of the holder of the easement." *Commonwealth, Dep't of Fish & Wildlife Resources v. Garner*, 896 S.W.2d 10, 14 (Ky. 1995) (citations omitted).

The problem with Boyd's argument, however, is that there was no evidence Boyd owned the roadway. Jake Staton, the licensed surveyor who surveyed Boyd's property, testified the roadway was the boundary line to Boyd's

property. Thus, Boyd would have no right to restrict anyone's access to the roadway because he does not own it. Therefore, we find no error.

Based upon the foregoing, the judgment of the Cumberland Circuit Court is affirmed as to the permanent injunction and reversed as to the damage award with directions that a new trial be granted on the sole question of damages. As noted above, "[t]he measure of damages for obstruction of a passway is the diminution in value of the use of the property during the time the obstruction continued, and rental value is a relevant factor in determining the amount of damages." *Wells*, 151 S.W.3d at 825 (internal quotation marks and citation omitted). Any damage award must be supported by "some tangible figure from which the value of the use reasonably can be deduced[.]" *Adams Const. Co.*, 335 S.W.2d at 914.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Winter R. Huff
Monticello, Kentucky

BRIEF FOR APPELLEES:

Gary A. Little
Albany, Kentucky