# Perry v. Thomas et al.

(Decided February 7, 1930.)

STEPHENS & STEELY for appellant.

JOHNSON & SILER for appellee Thomas.

TYE, SILER, GILLIS & SILER for Proctor Coal Company.

OPINION OF THE COURT BY JUDGE REES—Affirming in part and reversing in part.

This is an appeal from a judgment of the Whitley circuit court canceling a deed purporting to have been executed by D. F. Thomas and others to appellant, Aaron Perry, and which conveyed a three-fourths interest in a tract of 100 acres of land located on Wolf creek in Whitley county. The land was conveyed to Aaron Thomas by Joseph Abbott by deed executed in January,

1874, and recorded in 1913. Aaron Thomas owned a tract of land adjoining the Abbott tract and lived upon it until his death in 1892. During his lifetime a dispute arose between him and the Proctor Coal Company over the title to this 100-acre tract. The Proctor Coal Company claimed that the Abbott tract was a part of a tract of land, consisting of several thousand acres, owned by it, and that its title was superior to the title of Aaron Thomas  Aaron Thomas died intestate as to the Abbott tract and it was inherited by his four children, France Thomas, and the appellees D. F. Thomas, Michael Thomas, and Sherrod Thomas. The Thomas heirs sold the home farm which adjoins the Abbott tract to appellant's father in 1912. The deed in question, purporting to be signed and acknowledged by D. F. Thomas, Michael Thomas, and Sherrod Thomas and their respective wives, was prepared on February 24, 1921, and the certificate of acknowledgment recited that it was signed and acknowledged by the grantors on April 27, 1921. It was recorded on May 16, 1921. The consideration recited in the deed is $100 cash per share. On December 30, 1926, the grantors in the deed brought this action in which they sought a cancellation of the deed on the ground that it was a forgery.

After all the proof had been taken by depositions, they filed an amended petition in which it is alleged that the deed, if not a forgery, was procured by fraud, and that the defendant, Aaron Perry, falsely represented that the instrument signed by them, was an option for one year to purchase the land and not a deed. The plaintiffs wholly fail to prove that the deed was forged. D. F. Thomas and Michael Thomas signed the instrument, but Sherrod Thomas and the three wives, who are unable to write, signed by their mark. D. F. Thomas and Michael Thomas did not deny that the signatures were theirs, but they did testify that the instrument signed by them was not printed or typewritten. The deed is typewritten, but the body of the deed is on the first page and the signatures appear at the top of the second page. It is suggested that the page on which the signatures appear has been detached from the instrument signed by the Thomas heirs and attached to the deed. The appellees testified, however, that they signed their names on a page upon which the instrument or part of it had been written, and if that is true the page containing the signatures could not be removed from one instrument and attached to

another. D. F. Thomas and Michael Thomas reluctantly admitted that the respective signatures were in their handwriting. The appellees testified that when the instrument was presented to them for their signatures, the appellant represented that it was an option for the purchase of their interest in the land and, if it was determined within a year that the Proctor Coal Company had no title to the land, that he would pay each of them $100, for which he executed a note payable 12 months after date, and that if the title to the land was not quieted within one year the instrument signed by them should become null and void.

On the other hand, the appellant and Fred Moses, the deputy clerk, who accompanied him to appellees' homes and took the acknowledgments, testified that the deed had been prepared by an attorney in Williamsburg at appellees' request, and that it was read to each of the appellees, and that it was understood that each of them was selling his interest in the land for $100. It is conceded that the land is worth approximately $5,000, and it is argued that this fact alone supports appellees' claim that they were merely giving appellant an option and not selling him their land. However, they admit that if he had paid each of them $100 within one year from the date of the instrument they would have accepted that amount in full payment for their respective interests in the land.

It further appears that there was considerable dispute as to the title to this land. The Proctor Coal Company was claiming it under a paper title, and appellant claimed it by adverse possession. It is probable that the appellees considered their claim to the land as of little value and were willing to accept what would have been a small part of its value had their title to the land been clear.

The rule is well established in this, as well as nearly all other jurisdictions, that proof to sustain a reformation or cancellation of a duly executed writing must be clear and convincing. Trustees of the First Christian Church of Ft. Thomas v. Macht, 228 Ky. 628, 15 S. W. (2d) 509; Camp v. Kimbley, 188 Ky. 666, 223 S. W. 1005; Salyer v. Salyer, 141 Ky. 648, 133 S. W. 556. Where one sues for the cancellation of a deed on the ground that it was procured by fraud, the burden of proof is upon him to establish the facts alleged as the basis of his action,

and he must prove his allegations by clear and convincing evidence. In other words, the fraud must be made clearly to appear and the proof must be convincing, not merely preponderating. Culton v. Asher, 149 Ky. 659, 149 S. W. 946; M. P. Brothers Co. v. Kirkpatrick, 214 Ky. 560, 283 S. W. 424; Morris v. Gilliam, 213 Ky. 763, 281 S. W. 1026. As said in Lossie v. Central Trust Company of Owensboro, 219 Ky. 1, 292 S. W. 338, 340: "The cancellation of an executed contract is the exertion of the most extraordinary power of a court of equity, which ought not to be exercised, except in a clear case and on strong and convincing evidence." In Atlantic Delaine Co. v. James, 94 U. S. 207, 214, 24 L. Ed. 112, the Supreme Court of the United States, discussing this question, said: "Cancelling an executed contract is an exertion of the most extraordinaary power of a court of equity. The power ought not to be exercised except in a clear case, and never for an alleged fraud, unless the fraud be made clearly to appear; never for alleged false representations, unless their falsity is certainly proved, and unless the complainant has been deceived and injured by them."

In the instant case the testimony of the appellees as to the nature of the agreement between them and appellant, and as to what occurred when the instrument was signed, is vague and unsatisfactory. While a number of witnesses testified that the reputation of appellant and Fred Moses, the deputy clerk who took the acknowledgments, for truth was bad, the testimony of appellant and Moses is supported by the document itself and the surrounding circumstances. We are of the opinion that the evidence does not measure up to the rule required and applied in such cases and that the lower court erred in canceling the deed.

It is also argued that the deed is champertous, and therefore void under section 210 of the Kentucky Statutes. The appellant was claiming this land and had the right to purchase such title as the appellees might have had. It does not appear from the record in this case that the Proctor Coal Company had adverse possession to the land, and the deed therefore does not fall within the inhibitions of section 210 of the Statutes. By an answer, counterclaim, and cross-petition, appellant, who is the defendant below, sought to have the Proctor Coal Company made a party and to have his title quieted as to it.

The Proctor Coal Company filed a special demurrer which was sustained by the trial court. This ruling of the trial court was correct, since the Proctor Coal Company was not a proper party to this proceeding, and to that extent the judgment is affirmed.

In making up this record the clerk of the circuit court has failed to comply with the requirements of section 10 of rule 3 of this court relative to indexing the record, and has merely referred to the depositions as "depositions," without naming the witnesses and referring to the pages of the record on which their depositions will be found. See Commonwealth v. Campbell, 231 Ky. 386, 21 S. W. (2d) 474; Taylor & Crate v. Asher, 223 Ky. 574, 4 S. W. (2d) 385. Because of his failure to properly index the record, the clerk shall have $10 deducted from the fees otherwise due him.

The judgment as to the Proctor Coal Company is affirmed, but in all other respects it is reversed.