## Finley et al. v. Thomas et al.

(Decided June 25, 1937.)

TYE, SILER, GILLIS & SILER for appellants.

R. S. ROSE for appellees.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Reversing.

Charles Finley and the Proctor Coal Company have appealed from a $500 judgment recovered against them upon a contract alleged to have been made under the following circumstances:

On February 24, 1921, Michael Thomas, Daniel F. Thomas, and Sherrod Thomas (three of the four children of Aaron Thomas) sold to Aaron Perry their interest in a certain tract of land known as the "Abbott tract," inherited from their father. The Proctor Coal Company claimed to own this Abbott tract, and when, on June 6, 1924, they sold the timber on their other property, they included in the sale the timber on this Abbott tract and received $26 per acre therefor.

On June 25, 1926, Aaron Perry as the owner of three-fourths and Francis M. Thomas as the owner of the other one-fourth of this Abbott tract sued the Proctor Coal Company, Charles Finley, and F. W. Finley, to recover $4,600, the value of the timber on the Abbott tract at $26 per acre.

On December 30, 1926, Daniel F. Thomas et al. (grantors in the deed of February 24, 1921) sued Aaron Perry to cancel that deed.

### The Contract.

While these two suits were pending, it is claimed that at a meeting of Francis M. Thomas et al. with Charles Finley, he for himself and as president of the Proctor Coal Company, for it and for himself agreed with the plaintiffs in the suit filed June 25, 1926, and promised them that if they would dismiss that suit without prejudice, when the suit of December 30, 1926, was settled, they, Charles Finley and the Proctor Coal Company, would pay the parties shown by that suit (of December 30, 1926) to be entitled thereto, for the timber cut from this Abbott tract at $26 per acre, or $4,600.

### Later Proceedings.

The suit of June 25, 1926, was dismissed without prejudice by Perry and Thomas, the plaintiffs therein,

and the suit of December 30, 1926, was tried out, brought to this court, and settled as outlined in our opinion. See Perry v. Thomas et al., 232 Ky. 781, 24 S. W. (2d) 603. And our mandate was issued December 30, 1930. Pay day for Charles Finley and the Proctor Coal Company was then at hand, and Perry and Francis M. Thomas began to urge payment, but they got nothing, as they say, except more promises.

On September 25, 1934, Francis M. Thomas, Aaron Perry, and the holders of various liens on Perry's interest filed this suit against Charles Finley and the Proctor Coal Company upon this contract and obtained the $500 judgment from which this appeal is prosecuted.

### Grounds for Reversal.

The evidence took a wide range; there are three large volumes of it, the most of which is irrelevant and perhaps some of it incompetent; but as this judgment must be reversed for other reasons we shall say nothing more of the evidence but shall simply say the question was: Did the appellants make this contract? If they did, the dismissal of the suit filed June 25, 1926, is sufficient consideration to support it, no other questions were involved, no evidence on other questions was relevant, limitations began to run December 30, 1930, and this suit was begun within five years thereafter. The title to this Abbott tract is not involved.

### The Instructions.

Instruction No. 7 covered all the issues in the case, and it and instruction No. 8 telling the jury that nine or more could make and return a verdict by all signing it, were all the instructions that should have been given.

Limitations do not start from the making of a contract, but from the date of its promised performance. The time fixed for the performance in the contract alleged was when the suit of December 30, 1926, was settled. That date was December 30, 1930, and as this suit was filed September 25, 1934, there was no question of limitations involved, hence before giving it again the court will strike from its instruction No. 7 reference to limitations.

Judgment reversed, and new trial awarded.

Whole court sitting.