# Siler v. Proctor Coal Co. et al.

(Decided March 8, 1938.)

ZEB A. STEWART for appellant.

TYE, SILER, GILLIS & SILER for appellees.

OPINION OF THE COURT BY STANLEY, COMMISSIONER—
Affirming.

The appellant, Laura Siler, has sued the appellees, Proctor Coal Company, Hugh Finley, and Charles Finley, for slander.

The petition alleges that about ten days before the trial in the Whitley circuit court of a case in which the Thomas heirs were plaintiffs and the appellees were defendants, the defendants, through Hugh Finley, president of the company, caused certain named persons to appear and falsely and maliciously testify that the general moral character and reputation of the plaintiff, Laura Siler, was bad. It is further charged that in addition to helping to cause those witnesses so to testify, the defendant Charles Finley, "on trial of this case, falsely and maliciously and in the court house and in the hearing of *diverous* persons said of this plaintiff that she tried to shake him down for his money, thereby that she tried to rob him." The petition also averred that plaintiff "does not know and has no means of knowing whether false and malicious testimony injured her before the jury before whom it was tried, but that she obtained a judgment of $500 and cost, and under the proof she was entitled to at least $600." Damages in

the sum of $10,000 were alleged, and judgment for that amount prayed. The court overruled a motion to require the plaintiff to elect. An amended petition was then filed. In it the plaintiff stated that she was engaged in the business of- selling tombstones and monuments, and that it was necessary for her customers "to have confidence in her and in what she said; her integrity and moral character and for truth and veracity"; and that the false and malicious testimony injured her credit and profession as a seller of monuments and tombstones. The allegations of false testimony on the part of Charles Finley were repeated, with the averment that it was done in the line of his duty and in furtherance of a previous understanding with Hugh Finley, in behalf of the coal company, and was in pursuance of a conspiracy. There was some elaboration of the pleading of damages, with the addition that the alleged slanderous words had injured "her severally and permanently, both physically and mentally, causing her much physical pain and mental anguish; injuring severally her health, in addition to injuring her in her credit and circumstances, and by reason of said slanderous words causing said jury to find for her only $500 when she was entitled to and probably would have received a judgment for $2600 had it not been for said slander." In addition to the original prayer for $10.000 damages to the plaintiff's general reputation and character, the sum of $2,100 damages was sought as being the loss the plaintiff had sustained in the suit. See Finley **v.** Thomas, 269 Ky. 422, 107 S. W. (2d) 287.

After the demurrer to the petition as thus amended was sustained, the plaintiff filed a second amended petition. At the same time she filed a motion that the regular judge vacate the bench. The motion and the defendants' demurrer to the petition as thus amended were overruled. An answer was filed. Later the plaintiff's motion to strike her second amended petition from the record was sustained, and this was followed by a withdrawal of the answer. The demurrer to the petition as amended by the first amendment having previously been sustained, and the plaintiff declining to plead further, her suit was dismissed.

The motion that the judge vacate the bench was based upon statements of the plaintiff in substance and effect that the judge was prejudiced against her coun-

sel, R. S. Rose, because of his political opposition, and recited a number of cases which the judge had decided against her lawyer. We need not go into the merits of these grounds because the plaintiff in participating in the proceedings waived any right she may have had to require the judge to vacate the bench. Adams v. Gardner, 176 Ky. 252, 195 S. W. 412; Neace v. Commonwealth, 233 Ky. 545, 26 S. W. (2d) 489; Roberts v. Sturgill, 257 Ky. 194, 77 S. W. (2d) 789; Noe v. Commonwealth, 267 Ky. 607, 103 S. W. (2d) 104. It is true that the plaintiff states in her affidavit that the grounds upon which she based her motion were discovered ''in the last three days,'' but those grounds had existed since the suit was instituted and, obviously, were known to her attorney. We think the plaintiff is chargeable with that knowledge under the circumstances. It may be said here that counsel representing the plaintiff on this appeal did not represent her in the trial court.

Section 597 of the Civil Code of Practice authorizes the introduction of evidence of the character described in the petition herein to impeach a witness. It is a rule of long standing that one testifying on a trial in a court of justice is not subject to prosecution of a suit for slander for any statement there made upon the subject under consideration. Sebree v. Thompson, 126 Ky. 223, 103 S. W. 374, 31 Ky. Law Rep. 642, 11 L. R. A., N. S., 723, 15 Ann. Cas. 770; Smith v. Mustain, 210 Ky. 445, 276 S. W. 154, 44 A. L. R. 386. Cf. Paducah Newspapers, Incorporated, v. Bratcher, 274 Ky. 220, 118 S. W. (2d) 178.

The allegations that the defendant Hugh Finley procured certain witnesses who gave similar testimony obviously does not state a cause of action for slander.

Judgment affirmed.