# Bennett et al. v. First & Peoples Bank of Russell et al.

March 9, 1945.

John F. Coldiron, Thomas E. Nickel, and C. Bentley Bennett for appellants.

J. D. Atkinson, C. H. Bruce, and Oscar Sammons for appellee.

OPINION OF THE COURT BY JUDGE LATIMER—Affirming.

The First and Peoples Bank of Russell, Kentucky, appellee herein, filed its petition in the Greenup Circuit Court seeking judgment and order of sale on a note and mortgage executed by C. Bentley Bennett and wife, appellants herein, and for the further sum of $29.40 premiums on insurance policies paid by the bank on the mortgaged property. After numerous motions and orders, the appellants, defendants below, filed their answer, set-off and counter-claim, in which they state that the note and mortgage sued on by the plaintiff were executed and delivered by them pursuant to a compromise settlement of two actions in the Greenup Circuit Court,

wherein the appellee, plaintiff below, sought to recover from the defendants and the Standard Motor Company, a corporation, money alleged to be due, and secured by lien on real estate belonging to the defendants and the corporation, and that by the terms of the compromise agreement, the defendants executed and delivered to the plaintiff the note and mortgage sued on in this action; that as a part of the consideration for the execution and delivery of the note and mortgage plaintiff assumed and agreed to pay taxes and assessments against the property, real and personal, of the Standard Motor Company, amounting to $488.20, and that the plaintiff has not paid same or any part thereof; and that plaintiff, by its failure to pay the taxes and penalty, had forfeited its right to enforce the collection of the note sued on.

The Bank filed reply denying the affirmative part of answer, after which the Bennetts filed an amended answer, set-off and counter-claim, in which they plead no consideration for the execution and delivery of the note and mortgage, over and above the sum of the $488.20 set up in their original answer. The plaintiff then moved the court to require the defendants to elect which of the causes of action or defense stated in their answer and amended answer they would rely upon. The court sustained the motion, whereupon, the defendants elected to rely for judgment on so much of their original answer as seeks a recovery of the sum of $488.20, and so much of their amended answer as pleads no consideration for the execution of so much of the note as exceeds the sum of $488.20. Depositions were taken and the cause proceeded to trial, where judgment was rendered in favor of the plaintiff. Defendants appeal.

As a background to a proper consideration of this appeal, it becomes necessary to inquire into the compromise agreement disposing of the two actions mentioned above. It appears that the defendants were personally obligated to the plaintiff in the sum of $6500, as evidenced by note, and secured by a mortgage on the property involved in the mortgage in this action, and that the Standard Motor Company, a corporation, owned and controlled by the Bennetts, was indebted to the plaintiff in the sum of $6,000, as evidenced by note and secured by mortgage; that upon the day these two actions were to go to trial, the following agreement was entered into:

"The parties hereto hereby compromise the subject matter of the above cases on these terms:

"I. The Standard Motor Company shall forthwith execute and deliver to the First & Peoples Bank a deed for the Standard Motor *Compans'* garage property in Greenup which is mortgaged to the Bank.

"II. C. B. *Bennet* and Lucille Bennett shall forthwith execute and deliver to the First & Peoples Bank a mortgage on their residence in Greenup County and which is mortgaged to the Bank. Therewith they shall execute and deliver to the Bank a note for $2,500.00, with interest at six per cent per annum until paid; the principal to be due two years from date and the interest to be paid semi-annually, commencing six months from the date thereof, said mortgage shall be in the same form as the form mortgages usually employed by Dysard & Dysard, Attorneys, including particularly the reference therein to the insurance, taxes, care of the property, etc. It is understood, however, that if before the maturity of said note and mortgage the said C. B. Bennett and Lucille Bennett shall pay the principal sum of $2,000.00 plus all interest accrued to the date of payment, then the said Bank will accept the same in full, provided there are no other defaults theretofore accrued.

"III. C. B. Bennett and Lucille Bennett shall forthwith execute and deliver to the Bank a deed for the lots in Ashland, Kentucky, which are mortgaged to the Bank.

"IV. It is understood that all of the above is subject to the title and possession of all said properties being satisfactory to Dysard & Dysard, Attorneys. Also the deeds, mortgages and other papers executed and delivered must be satisfactory to them. Also it is understood that there are certain taxes and assessments against the residence property they are to be borne by C. B. Bennett and Lucille Bennett. As to the Standard Motor Company property in Greenup and the lots in Ashland, the Bank is to take said deeds subject thereto with no liability on the Standard Motor Company, Lucille Bennett or C. B. Bennett, provided said taxes and assessments are in the opinion of Dysard & Dysard legally valid taxes.

"V. If the parties hereto fail to carry out this

stipulation, then the Court shall enter appropriate orders and judgments to carry out the compromise agreement.

"This——day of September, 1940." and an order entered dismissing the cases as settled.

The appellants herein are rather insistent that they have complied with all of their obligations under the above contract but that the appellee has failed to carry out the provisions, particularly of Article 4 thereof, and by reason of that failure, there is no consideration for the note and mortgage, or at least a failure of consideration. It might be stated here that the City of Greenup, by intervening petition, set up its claim for taxes due, which, however, we shall not discuss here as the court below dismissed its petition without prejudice, and it is not a party to this appeal.

In their extended and omnibus brief, attorneys for appellants treat quite exhaustively a number of contentions, but lavish special attention on the failure of the Bank to pay all of the tax against both the real and personal property of the Standard Motor Company. The note sued on, although it is in the principal sum of $2,500, has the provision in it that if before the maturity of the note and mortgage, the makers, C. Bentley Bennett and Lucille Bennett, shall pay the principal sum of $2,000, plus all interest accrued to the date of payment, then the Bank will accept same in full, provided there are no defaults theretofore accrued. The appellants contend that if the Bank had paid all of the tax against the property instead of that portion only against the property conveyed to them, they would have paid the $2,000 as provided above instead of now being required to pay the $2,500 face of the note, and, thus, effect a saving to them of $500. This might be well taken if the $2,000 had been tendered to the Bank within the two year period, coupled with the demand that the Bank pay all of the tax, and then have litigated the matter of the meaning of Article 4 of the agreement relative to taxes. We agree with the court below that the plea of no consideration is of no avail to the plaintiffs; and that the note sued on derives its obligatory force from that agreement which undertook to settle two prior suits. That agreement seems to have been entered into with considerable deliberation, which, coupled with the dis-

missal of the two former suits, is a sufficient consideration to support the note and mortgage involved herein. See Finley et al. v. Thomas et al., 269 Ky. 422, 107 S. W. 2d 287. It appears to us that there is no ambiguity in Article 4 of the agreement. The Bennetts were to pay the taxes on the property owned by them in Greenup, and which is mortgaged to the Bank, and the Bank was to accept the deeds to the property of the Standard Motor Company and the lots in Ashland, subject to the taxes thereon. This seems to be clear and explicit and can mean only the taxes assessed against, and on the property to which they were accepting deeds, with no liability to the appellants or Standard Motor Company in so far as the tax against the property so deeded is concerned. It is not our purpose, and we are powerless to supply or add anything to the rights, or the claimed rights, under the two former suits, which were dismissed settled. However, it is strikingly interesting that there was a defense of no consideration in each of those actions.

There is yet the matter of the $29.40 complained about by appellants. In their brief, the appellants admitted the amount involved is so small that they would expect this court to apply the maximum of De minimis non curat lex. However, it might be added, that we think the finding of the court below should not be disturbed concerning that item as there is nothing in the record to show but that the Bank was acting in good faith, and believed it was carrying out the provisions of the mortgage relative to insurance, which was for appellants' benefit as well as for the Bank. If the appellants had policies of insurance with loss and payable clause in favor of the Bank, they could easily have placed same in the hands of the mortgagee bank, or at least have informed it that such policies were in force.

We conclude, therefore, that the court properly adjudicated the matters involved herein.

Judgment affirmed.