**KENTUCKY MOUNTAIN COAL COMPANY, Appellants,**

**v.**

**Eula Mae HACKER et al., Appellees.**

Court of Appeals of Kentucky.

March 10, 1967.

A. E. Cornett, Hyden, for appellants.

William Melton, Hazard, for appellees.

DAVIS, Commissioner.

This appeal presents questions relating to the proper measure of damages in a real estate trespass. For convenience we shall refer to the appellants as the coal company. The only appellee presenting any issue is Mrs. Eula Mae Hacker, and reference to her will be as the appellee or by her name.

The coal company holds coal mining leases on a large boundary of land, included in which is a 40-acre tract in which the appellee owns the surface title. It is conceded that the coal company has hauled coal across the surface of appellee's land which it mined from the Virginia Coal and Iron Company's tract. It is conceded that the coal company had no legal right so to use the surface of appellee's land. The coal company in this action undertook to condemn a right of way over appellee's land for a coal hauling way, and the parties have acquiesced in that procedure. KRS 381.580 to 381.620.

The trial judge heard the case without a jury, and awarded appellee $3,625.94 as compensation for the trespass, based upon the amount of coal which the company had already hauled over the appellee's land, plus $1,000 as the value of the easement over which to haul coal similarly in the future.

In fixing the allowance of $3,625.94 on the first item, the court used the formula of 2¢ per ton for 181,297 tons of coal shown to have been hauled over appellee's land. There was some evidence heard that lessees and lessors have entered into such agreements in similar situations in the area. In this case, however, there was no such agreement. Although 2¢ per ton may have been customary by private contract, this is not the established measure of damages for this character of injury to real property.

The act of hauling the coal over appellee's land was a trespass to real estate. Mrs. Hacker did not live on the tract. It appears that Mrs. Hacker had made no use of the surface for the year or two just preceding the trial. The measure of damages in such cases is stated, if the trespass is temporary in nature, as "the depreciation in the rental value of the land during the period of occupancy if it is rented out, but if occupied by the owner it is the diminution in the value of the use of the property." Cary-Glendon Coal Co. v. Carmichael, 258 Ky. 411, 80 S.W.2d 29, 30; Price Brothers

v. City of Dawson Springs, 190 Ky. 349, 227 S.W. 470; Edwards v. Lee's Adm'r, 265 Ky. 418, 96 S.W.2d 1028. In this case, since the land was neither occupied nor rented out, the reasonable rental value of the use is the proper measure of damages. The trespass in the present case was temporary, in that it could have been abated or discontinued at any time, just as was so in Cary-Glendon Coal Co. v. Carmichael, 258 Ky. 411, 80 S.W.2d 29, 30.

It is to be observed that the Cary-Glendon opinion, just mentioned, dealt with a situation similar to the one at bar; in that case, after correctly stating the measure of damages, the court did not follow it. Indeed, in Cary-Glendon the court approved a calculation of damages for this type of trespass on a basis of 1½¢ per ton. It appears that the holding there was influenced by previous litigation in the same dispute, and that there was an actual lease between the parties. However that may be, to the extent that Cary-Glendon Coal Co. v. Carmichael, 258 Ky. 411, 80 S.W.2d 29, may be in conflict with the holding in the present case, it is overruled.

Since the trial court did not base the award of damages upon the proper measure of damages, it follows that the award of $3,625.94 must be set aside.

As respects the award of $1,000 for the easement, we find that the record contains no evidence to support the amount of the award. It is plain that the measure of damages as to the easement is the difference in the before and after market value of the appellee's surface caused by the easement. The only evidence relating to that point indicates that a difference in market value of $200 had occurred by reason of the easement. Appellee has misconceived our opinion in Adams Construction Co. v. Bentley, Ky., 335 S.W.2d 912. In appellee's brief is found this argument, based on appellee's construction of Adams Construction Co. v. Bentley, supra:

"It is the contention of the appellee that the trial court had no competent evidence as to the value of the property and was forced to draw his conclusion from the entire record and from his own knowledge by being acquainted with the property."

We did not enunciate any such rule when it was written in Adams Construction Co. v. Bentley, supra:

"But in any event, there must be introduced in evidence some tangible figure from which the value of the use reasonably can be deduced, else the court and jury are left to draw entirely on their own experience aliunde, or upon naked speculation." Id., 335 S.W.2d at page 914.

We reiterate that the evidence must be in the record to support a finding of fact; the court or jury may not supply such absent evidence by drawing upon experience aliunde, or by naked speculation.

In the present state of the record, we are not willing to hold that appellant is entitled to a final judgment awarding only $200 for the easement. The court had some evidence to support an award of more than $200 for the easement, and some evidence warranting recovery in some amount for the earlier trespasses. Deference to a just decision requires that the matter be re-examined by the trial court in light of our holding herein.

The judgment is reversed for further proceedings consistent with the opinion.

All concur.