Wilbur K. BARNES, Petitioner,

v.

Kenton J. COOPER, Judge, Russell Circuit Court, Respondent.

Court of Appeals of Kentucky.

March 22, 1974.

Robert L. Wilson, Wilson & Wilson, W. Elijah Coffey, Jack B. Miller, Jamestown, for petitioner.

———◆———

VANCE, Commissioner.

The petitioner seeks an order of this court prohibiting the respondent from proceeding with the trial of this action.

On March 13, 1973, the Board of Education of Russell County, Kentucky, voted to remove Wilbur Barnes as superintendent of schools and appointed Othello "Ted" Gaskin as his replacement. Barnes instituted an action for his reinstatement as superintendent and the trial judge of the Russell Circuit Court disqualified himself upon the ground that he was related to Othello "Ted" Gaskin, a party defendant. A special judge was appointed to hear the case and he entered a judgment which reinstated Barnes as superintendent of the Russell County School System. That judgment was affirmed by this court.

In October 1973, while the appeal above-mentioned was pending in this court, the Board of Education of Russell County again preferred charges against Wilbur Barnes and he was removed from office by the board in February 1974 as a result of a hearing on those charges. Ronald Chumbley was named acting superintendent.

The petitioner, Barnes, has again filed an action for his reinstatement as superintendent of schools against the school board members who voted to oust him, the acting superintendent, Ronald Chumbley, and Othello "Ted" Gaskin. The complaint alleges that the removal of petitioner as superintendent is in furtherance of a common scheme devised by the defendant board members and Gaskin whereby Gaskin will ultimately be installed as superintendent of the county school system. The complaint asked for reinstatement of the petitioner as superintendent, for recovery of damages against defendant board members, Chumbley and Gaskin and for costs and other injunctive relief.

A motion was made to disqualify the regular judge of the Russell Circuit Court upon the following grounds:

"1. Because the Judge of this Court, the plaintiff, Wilbur K. Barnes and the defendant, Ronald Chumbley, are each members of the Lakewood Country Club, a closely-knit association of less than two hundred members and are also each members of the Jamestown Lions Club, a fraternal organization of less than thirty members. That the said plaintiff, Wilbur K. Barnes has recently been President of the Jamestown Lions Club and this Judge meets with said club for dinner meetings on each first and third Thursday of each month and that this Judge regularly attends social functions of Lakewood Country Club and the Jamestown Lions Club. Further, the said Wilbur K. Barnes and Ronald Chumbley also attend the said dinner meetings of the Jamestown Lions Club and the so-

cial events of the said Jamestown Lions Club and Lakewood Country Club. That the said Kenton J. Cooper did, while a director of Lakewood Country Club, appoint Ronald Chumbley and his wife to positions on various committees.

"2. Because the Judge of this Court is a former teacher in the Russell County School System and was closely associated with various persons now associated with the Russell County School System.

"3. That the judge is related to the defendant, Othello 'Ted' Gaskin by reason of the judge's wife being a first cousin to the wife of the said Othello 'Ted' Gaskin.

"4. That at a prior proceeding filed in the Russell Circuit Court in February, 1973 involving these same plaintiffs and the same defendants, with the exception of Ronald Chumbley, the judge disqualified himself because of his relation to Othello 'Ted' Gaskin and because of his former involvement in the Russell County School System.

"That at least one teacher in the Russell County School System stated publicly immediately after the above disqualification the following in substance: 'It is a shame that Ted (Othello "Ted" Gaskin) put Kenton (Judge Kenton J. Cooper) in office and he (Judge Cooper) won't help Ted now.'

"5. That the defendant, Othello 'Ted' Gaskin, has been actively involved in political campaigns in Russell County Kentucky, both in school board campaigns and other campaigns. That the judge has in every instance been aligned with the said Othello 'Ted' Gaskin in said campaigns. That the judge has always endeavored to have the said Othello 'Ted' Gaskin installed as Superintendent of Russell County Schools.

"That the said Othello 'Ted' Gaskin[s] openly supported and campaigned for the judge in the judge's campaign for Judge of Russell Circuit Court.

"That the plaintiffs are both Democrats and the Judge, Kenton J. Cooper and the defendant, Othello 'Ted' Gaskin, are now and have been for some time leaders of the Republican Organization in Russell County, Kentucky, and that as such leaders they would tend to be prejudiced against the plaintiff Wilbur K. Barnes retaining his present position as Superintendent of the Russell County Schools.

"That the Judge was as recently as November, 1973, a candidate for the Kentucky Court of Appeals under the Republican ticket. That one of the major issues to which the Judge addressed himself was that Republicans should stick together.

"That the judgment of this court in this action will decide who will be the Superintendent of the Russell County Schools.

"That this position has, regretfully, become involved in politics and the judge, considering his past record, of always supporting Othello 'Ted' Gaskin in his many battles for Superintendent would most definitely be prejudiced against this plaintiff.

"6. That the wife of the defendant, Arvester Dabney, Chairman of the Russell County Board of Education, is a first cousin to the Judge's father-in-law.

"7. In light of the above relationships, the judge would obviously be prejudiced toward Wilbur K. Barnes. The court would, in the trial of this case, lose all appearances of impartiality in the eyes of the general public of Russell County. This is especially true at this time because of the fact that school board elections will be held in November, 1974. * * *."

The judge refused to disqualify.

■ The alleged kinship between the judge's wife and the wife of Othello Gaskin is sufficient for disqualification. The respondent judge previously disqualified himself in another action arising out of this same controversy upon the ground that he was related to a defendant, Othello Gaskin. Othello Gaskin is a defendant in this action and is charged with conspiring with various school board members to bring about the ouster of Superintendent Barnes with the ultimate goal of having himself appointed to that position. The members of the board who voted to oust petitioner as superintendent in 1973 did replace him at that time with the defendant, Othello Gaskin.

■ We have held that kinship in the degree of first cousin by blood or marriage is sufficiently close to require disqualification of a trial judge. Wells v. Walter, Ky., 501 S.W.2d 259 (1973).

■ The exercise of the power granted to this court by Section 110 of the Constitution to control inferior courts is discretionary and we use it cautiously. We have established a rule that prohibition will not lie to prohibit a judge from proceeding erroneously within his jurisdiction when there is an adequate remedy by appeal. Cf. Cross v. Wilson, Ky., 325 S.W. 2d 309 (1959).

■ Despite that rule a majority of the court feel that the circumstances of this case are such as to warrant immediate supervisory control rather than confine ourselves to a review at the conclusion of the litigation. This conclusion is predicated upon the fact that within the past year the petitioner has been removed and reinstated as superintendent of schools. Now he has again been removed and is seeking reinstatement. The continuing litigation concerning the administration of the public school system in Russell County necessarily has a tendency to do irreparable harm to the school system. It ought to be finally concluded as expeditiously as possible.

The prospect of an expeditious and final determination of the controversy between the warring factions in this dispute will not be increased if the decision is rendered by a judge who is suspected of bias. The fact that the decision may be made by one alleged to be unfairly biased against one side of the controversy will only fan the flames of their outrage should the decision go against them and ultimately prolong the controversy. Consequently it is the decision of this court that the respondent should be prohibited from any further proceedings in this action. An order to that effect will issue immediately.

All concur except REED and STEPHENSON, JJ., who dissent.