**MIDDLE STATES COAL CO., INC., Petitioner,**

v.

**Hon. John Chris CORNETT, Circuit Judge, etc., Respondent,**

and

**Cordell H. Martin, Intervenor.**

Court of Appeals of Kentucky.

Dec. 8, 1978.

As Modified March 2, 1979.

John C. Collins, Walter W. Turner, Turner & Collins, Salyersville, for petitioner.

C. Graham Martin, Hindman, for respondent.

James Samuel Doyle, Karen Martin Doyle, Prestonsburg, for intervenor.

Before HOWARD, REYNOLDS and WINTERSHEIMER, JJ.

## OPINION AND ORDER DENYING PETITION FOR WRIT OF PROHIBITION

REYNOLDS, Judge.

This case is before us on a petition for a writ of prohibition and is filed pursuant to Civil Rule 76.36.[1] The petitioner (hereinafter Middle States) is a defendant in a trespass action currently pending in the Magoffin Circuit Court before the respondent. Middle States filed a motion in that action requesting the respondent to disqualify himself from further judicial proceedings in the case. The grounds for the motion were the same as are alleged on the petition: that Cordell H. Martin is co-counsel for the plaintiff in the suit; that he is married to the respondent's sister; and that the respondent must therefore disqualify himself pursuant to KRS 26A.015(2)(d)(2). That motion to disqualify was denied by the respondent, who relied upon Attorney General's opinion 77–286.

KRS 26A.015(2) provides in part as follows:

> Any justice or judge of the Court of Justice . . . shall disqualify himself in any proceeding . . . [w]here he or his spouse, or a person within the third degree of relationship to either of them, *or the spouse of such a person* . . . [i]s acting as a lawyer in the proceeding and the disqualification is not waived by stipulation of counsel in the proceeding filed therein. [Emphasis added].

The Attorney General's opinion relied upon apparently overlooks the emphasized language, and we believe that, on its face, this statute clearly disqualifies the respondent from sitting on the case.

■ While the statute does not expressly indicate whether the degree of relationship is to be computed according to the civil law method or the common law method, the judicial canon upon which it is based expressly provides that "the degree of relationship is calculated according to the civil law system." SCR 4.300(C)(3)(a). It would

appear that it has never been determined which of the two methods is to be employed in Kentucky. *See Wells v. Walter*, Ky., 501 S.W.2d 259 (1973). However, it is not necessary to make that determination under the circumstances of this case, for the respondent's sister is clearly within the third degree of relationship notwithstanding the method of computation. By the common law method, the degree is ascertained by counting down from the common ancestor to the more remote party, while under the civil law method degrees are counted up from one party to the common ancestor and then down to the other party. 46 Am. Jur.2d *Judges* § 142. Hence, the respondent is in either the first or the second degree of relationship to his sister. Since Mr. Martin is the spouse of a person within the third degree of relationship to the respondent (his sister), and is acting as a lawyer in a proceeding before the respondent, the statute declares that the respondent must disqualify himself.

The respondent and the intervenor, Cordell H. Martin, have raised constitutional questions regarding the statute's validity. We do not reach those issues in this proceeding, however, because Middle States has failed to show that they are entitled to the extraordinary remedy of a writ of prohibition.

■ It has long been the rule in this jurisdiction that the Court of Appeals will not issue writs of prohibition to lower courts except in two classes of cases:

> (1) Where they are threatening to proceed, or are proceeding, in a matter in which they have no jurisdiction and there is no remedy through an application to an intermediate court, and (2) Where, although proceeding within their jurisdiction, they are exercising or about to exercise it erroneously and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury would result to the applicant if they should do so. *Evans v. Humphrey*, 281 Ky. 254, 135 S.W.2d 915, 917 (1940).

1. An earlier opinion and order in this case, published in the advance sheets at 576 S.W.2d 250, has been withdrawn by order of this Court.

It makes no difference whether the question of disqualification is labelled as one of "jurisdiction" or otherwise. In either instance the extraordinary remedy of prohibition cannot be invoked unless there exists no other adequate remedy. The discussion in Annot., 92 A.L.R.2d 306, 322–330 (1963), makes it clear that all of the Kentucky decisions turn on this factor.

 The alternate remedy usually available is that of appeal. Unless there is shown to be no adequate appellate remedy, a writ may not issue. *Duffin v. Field*, 208 Ky. 543, 271 S.W. 596 (1925); *Jake's Fork Coal Co. v. Wells*, Ky., 362 S.W.2d 728 (1962); *Comley v. Meigs*, Ky., 578 S.W.2d 39 (1979). Furthermore, the fact that no appeal may be taken from an interlocutory order is not by itself sufficient to invoke the remedy of prohibition. *Cross v. Wilson*, Ky., 325 S.W.2d 309 (1959).

For purposes of examining what constitutes an inadequate remedy by appeal, it is helpful to categorize Kentucky decisions that resulted in the issuance of a writ. One category involves disqualification by prohibition in suits for divorce. *Conley v. Stivers*, Ky., 445 S.W.2d 439 (1969); *Howerton v. Price*, Ky., 449 S.W.2d 746 (1970); and *Wells v. Walter, supra.* Since no appeal lies from a judgment of divorce, there was absolutely no other remedy available in these cases. A second group involves criminal cases in which the Commonwealth questioned the impartiality of the trial judge. Because the Commonwealth could not appeal from a verdict of acquittal in these cases, the Court of Appeals found that there was no adequate remedy by appeal. *Smith v. Ward*, 256 Ky. 13, 75 S.W.2d 538 (1934); *Commonwealth by Cooper v. Howard*, 267 Ky. 287, 102 S.W.2d 18 (1937); and *Commonwealth ex rel. Meredith v. Murphy*, 295 Ky. 466, 174 S.W.2d 681 (1943). In still

other criminal cases it was recognized that because the defendant in question was faced with multiple indictments, and, if convicted, would be forced to take numerous appeals, the remedy of appeal would not be adequate. Thus, the Court considered the question of disqualification on a petition for a writ of prohibition. *Farley v. Lowe*, Ky., 382 S.W.2d 409 (1964); and *Young v. Bertram*, Ky., 398 S.W.2d 504 (1966). The instant case does not even remotely resemble any of these categories.

 In only four other cases has the Court of Appeals of Kentucky deemed it appropriate to disqualify a judge by writ of prohibition. They are: *Evans v. Humphrey*, 281 Ky. 254, 135 S.W.2d 915 (1940); *Rush v. Denhardt*, 138 Ky. 238, 127 S.W. 785 (1910); *Wyatt v. Ropke*, Ky., 407 S.W.2d 410 (1966); and *Barnes v. Cooper*, Ky., 507 S.W.2d 157 (1974). These are readily distinguished from the case at bar because in each there were allegations of bias or prejudice which, if true, would have resulted in either irreparable injury to the petitioner or an arbitrary and prejudiced exercise of power detrimental to the petitioner. In this proceeding no such allegations are made or even suggested. In fact, Middle States has indicated that it cannot avail itself of the alternate remedy provided by KRS 26A.020 because "petitioner does not know whether the judge will render a fair and impartial trial."

It should be noted that all of the cases cited herein were decided under the authority of previous Section 110 of the Kentucky Constitution. That provision empowered the Court of Appeals with a general control over lower courts.[2] It may be that the authority of this Court to issue writs is not so broad, for Section 111(2) contains no "general control of inferior jurisdictions."[3]

**2.** Section 110, before repeal, provided:
The Court of Appeals shall have appellate jurisdiction only . . . . Said Court shall have power to issue such writs as may be necessary to give it a general control of inferior jurisdictions.

**3.** Section 111(2) provides:
The Court of Appeals shall have appellate jurisdiction only, except that it may be autho-

rized by rules of the Supreme Court to review directly decisions of administrative agencies of the commonwealth, and it may issue all writs necessary in aid of its appellate jurisdiction, or the complete determination of any cause within its appellate jurisdiction.

We need not resolve that question however, because in the face of the cases discussed we do not believe that it would be appropriate for us to issue a writ even if this Court were vested with the power granted by previous Section 110.

Given the circumstances of this case, we feel that the statement of the court in *Jake's Fork Coal Co., supra*, at 729–30 is appropriate:

> In the final analysis, a refusal to vacate the bench can never, in and of itself, create any injury or damage. The damage, if any, remains prospective, in that it must result from his further and subsequent conduct of the proceedings. Therefore, in determining whether the extraordinary remedy of prohibition is appropriate, it becomes necessary to consider the nature of the proceedings and the adequacy of the review procedures that are applicable to the further orders and judgments that may be entered by the judge who has refused to vacate.

Not only does the petitioner have a right to appeal from the final judgment, but also the rules provide a reasonable means for relief from an adverse judgment pending appeal. *See* CR 73.04. Furthermore, the questions regarding the constitutionality of the statute can, if raised, be better treated on appeal.

For these reasons it is ORDERED that the petition for a writ of prohibition be and is hereby DENIED.