MIDDLE STATES COAL COMPANY,
INC., Appellant,

v.

Carrie HICKS, Willis Hicks, and
Mallie Hale, Appellees.

Court of Appeals of Kentucky.

May 9, 1980.

As Modified On Denial of Rehearing
July 25, 1980.

Discretionary Review Denied Dec. 9, 1980.

Walter W. Turner, Salyersville, Richard J. Bolen, Huntington, W. Va., Gary L. Stage, Susan L. Coleman, Lexington, for appellant.

Jarvis Allen, Prestonsburg, for appellees.

Before COOPER, HOGGE and REYNOLDS, JJ.

COOPER, Judge.

This is an appeal by the appellant, defendant below, from a judgment rendered for the appellees, plaintiffs below, in an action in trespass. Of the numerous issues presented, the two principal issues are: (1) whether the trial court erred in instructing the jury on the issue of damages; and (2) whether the trial judge committed reversible error in refusing to disqualify himself pursuant to KRS 26A.015(2).

The appellees, Carrie Hicks, Willis Hicks, and Mallie Hale, instituted an action in trespass against the appellant, Middle States Coal Company, Inc., in February of 1976. The appellees sought both injunctive relief and permanent damages as the result of appellant's alleged trespass on land owned by them near Bull Creek in Magoffin County. Specifically, the appellees alleged that the appellant constructed a road over this property and continuously transported coal over it from 1975. The appellees demanded actual damages in terms of wheelage, demanding 50–cents per ton for all coal transported thereupon. Conversely, the appellant stated that the road it had constructed was at a place where a county road had previously existed and therefore no trespass had occurred. Both questions of the appellant's alleged trespass, and that of damages resulting therefrom were submitted to the jury. The jury found for the

appellees awarding them $51,975.90, representing wheelage in the amount of 10–cents per ton. It is from this judgment that the appellant now appeals.

█ Initially, the appellant argues that under KRS 26A.015(2)(g), the trial judge was bound to disqualify himself, given the fact that one of the appellees' intended co–counsels was married to his sister. The appellant argues that this provision of the statute is mandatory, not subject to the trial judge's discretion or to a waiver by the respective counsel involved. As such, the appellant argues that the trial judge's refusal to disqualify himself constitutes reversible error. *Dotson v. Burchett*, 301 Ky. 28, 190 S.W.2d 697 (1945). Conversely, the appellees contend that as the intended co– counsel never actually participated in the trial below, the provisions of KRS 26A.015(2)(d) are inapplicable. And, the trial judge, relying upon an opinion of the Attorney General, OAG 77–286, reasons that under the language of the statute, the relationship in question was not prohibited. *See Middle States Coal Co., Inc. v. Cornett*, Ky.App., 584 S.W.2d 593 (1979). Given the unambiguous language of the statute, we believe that such reasoning is misplaced.

Here, the attorney in question, although not participating in the trial below, nevertheless did act "as a lawyer in the proceeding." In other words, we believe that once the prohibited relationship was established, i. e., between an attorney acting in the proceeding and a person within the third degree of relationship to the trial judge or his spouse, it is immaterial, given the language of the statute, whether that relationship continues into the trial itself. Following the trial judge's refusal to disqualify himself, the appellant filed a writ of prohibition with this Court seeking such disqualification. *Cornett, supra.* Although we held that the statute clearly disqualified the trial judge from sitting in the action below, we declined to issue the writ on the grounds that appellant had an adequate remedy by way of appeal. The issue is now before us on appeal. Consequently, we hold that the trial judge's refusal to disqualify himself

under KRS 26A.015(2)(d), constituted reversible error necessitating a new trial to be conducted by a new trial judge.

█ Secondly, we believe that the trial court erred in instructing the jury on the issue of damages. As a general principle, the measure of damages for injury to real property is the diminution in the market value of the land reflected in the difference in the fair market value immediately before and immediately after the injury in question. *See* Stanley, *Instructions to Juries in Kentucky*, § 325; *Texaco, Inc. v. Melton*, Ky., 463 S.W.2d 301 (1971). Here, the trespass to the property was temporary. Accordingly, the measure of damages should have been the depreciation in the rental value of the land if such land had been rented out, or the diminution in the value of the use of the land during the time of the trespass. *Ky. Mountain Coal Co. v. Hacker*, Ky., 412 S.W.2d 581 (1967). In *Hacker*, the Court of Appeals, faced with facts similar to those herein, determined that wheelage was not the proper measure of damages for a trespass which was temporary in nature. That Court stated that although a wheelage agreement may be entered into between a lessor and lessee with respect to compensation, it is not an established measure of damages in an action for trespass. *Hacker* effectively overruled the decision of *Cary– Glendon Coal Co. v. Carmichael*, 258 Ky. 411, 80 S.W.2d 29 (1935). The trial court evidently relied on the decision of this Court in *Ky. Border Coal Co., Inc. v. Mullins*, Ky., 504 S.W.2d 696 (1974), as authority for the proposition that wheelage is the correct nature of damages for a temporary trespass to real property. Yet, *Mullins* is clearly distinguishable in that the question of damages was never reached by the court, as the court's holding was based strictly on procedural grounds.

A review of the record below indicates that one of the appellees' witnesses stated the total property involved was worth approximately $18,000.00. Given such evidence, we believe that the jury's verdict was excessive and clearly erroneous. As such, any future instruction on the question

**58**

of damages should be in accordance with the decision of this Court as set forth in *Hacker*. As the judgment of the trial court is herein reversed and remanded, we do not reach the other issues presented on this appeal.

The judgment of the trial court is hereby reversed and remanded with orders for a new trial to be entered.

All concur.