Thomas G. ABELL, M.D., P.S.C., d/b/a,
Eye Institute of Central Kentucky; and
Thomas G. Abell, M.D., Appellants,

v.

Tonya OLIVER, Appellee.

No. 2002–CA–000075–MR.

Court of Appeals of Kentucky.

March 28, 2003.

Discretionary Review Denied
by Supreme Court Oct. 15, 2003.

Case Ordered Published by
Supreme Court Oct. 15, 2003.

James P. Grohmann, Louisville, Clayton
L. Robinson, Lexington, for appellant.

Thomas K. Herren, Charles C. Adams,
Jr., Lexington, for appellee.

Before BUCKINGHAM, McANULTY
and SCHRODER, Judges.

## OPINION

SCHRODER, Judge.

This is a medical malpractice case in which the plaintiff hired the judge's husband's law firm. The defendant did not waive the conflict in writing and the judge did not recuse herself. We agree that the judge erred in not recusing herself. Therefore, we vacate the verdict and remand for a new trial to be conducted by a new trial judge.

The appellee, Tonya Oliver, had Lasik eye surgery performed on her by the appellant, Dr. Thomas G. Abell in December of 1997. Subsequent enhancement procedures were performed on May 21, 1998, and on May 28, 1998. Apparently the May 21 procedure was performed on the wrong axis of the cornea as a result of a calculation error by Dr. Abell. As a result, the patient's astigmatism was increased.

Tonya sought legal counsel and filed suit against Dr. Abell for medical malpractice. The case had been pending for over a year when Tonya switched counsel to the Herren and Adams law firm which tried her case. The case was tried before a jury in the Fayette Circuit Court which resulted in a plaintiff's verdict for $1,208,000.00 in compensatory damages and an additional $500,000.00 in punitive damages.

Subsequent to the trial, Dr. Abell learned that the trial judge's husband was an associate or employee but not a partner of the law firm retained by the plaintiff/appellee. In post-trial motions, Dr. Abell's attorneys unsuccessfully tried to have the case transferred to another judge and sought to vacate the verdict and retry the case. No one disputes that the judge's husband is affiliated with the plaintiff/appellee's law firm. The extent of the interest is unknown as the trial court would not allow discovery into the issue.

On appeal, Dr. Abell first contends that the trial court erred in not recusing herself. We agree. KRS 26A.015(2)(d)2. *requires* a judge to disqualify herself if one of the parties in a proceeding before her is represented by her spouse. Likewise Supreme Court Rule (SCR) 4.300, the Kentucky Code of Judicial Conduct, Canon 3E.(1)(d)(ii), *requires* a judge to recuse herself when the judge's spouse is acting as a lawyer in a proceeding before the judge. SCR 1.10(a) imputes disqualification of one associate of a firm to all members of the firm. Judicial Ethics Opinion JE–84 issued by the Ethics Committee of the Kentucky Judiciary on April 7, 1993, extends the disqualification of a judge to instances where members of the same firm which represents the judge on a personal matter appear before that judge.

The appellee contends that a judge's spouse in a law firm does not in itself disqualify the firm from representing clients before that judge. Instead the appellee requests we apply the *de minimis* rule of SCR 4.300, Canon 3E(1)(d)(iii), which requires a judge to disqualify herself if her spouse has "more than de minimis interest that could be substantially affected by the proceeding." We disagree for two reasons. First, the *de minimis* rule is a separate rule, not a qualification on the prohibition against a spouse appearing before a judge. Secondly, even though the plaintiff/appellee's attorneys explained their past practices and part of the spouse's present interest, the trial court denied a full disclosure in this particular case. Also, we do not believe the "commentary" exception for lawyers that employ a relative of the judge covers attorney spouses of the judge, but rather the support staff like clerks, secretaries, etc. *See* Judicial Ethics Opinion JE–101, Ethics Committee of the Kentucky Judiciary

(2002), which also disqualifies support staff.

In the case of *Middle States Coal Co., Inc. v. Hicks,* Ky. App., 608 S.W.2d 56 (1980), the Court dealt with the judge's brother-in-law in the firm representing a party. Even though the brother-in-law never actually participated in the trial, the Court ruled the "trial judge's refusal to disqualify himself under KRS 26A.015(2)(d), constituted reversible error necessitating a new trial to be conducted by a new trial judge." *Id.* at 57. The Court was concerned with the degree of relationship itself and not the brother-in-law's percentage or amount of interest in the outcome. Reviewing *Middle States Coal Co., Inc. v. Cornett,* Ky.App., 584 S.W.2d 593 (1978), the Court concluded the language of the prohibition in KRS 26A.015(2) was *unambiguous* and the prohibition was *not* qualified.

■ The appellee contends the defendant/appellant waived the conflict issue because the appellant's counsel was aware of the conflict and said knowledge is imputed to the client. We disagree. Although SCR 4.300, Canon 3F, does allow a "remittal of disqualification," the procedure was not followed in this case. Specifically, the rule requires:

> F. Remittal of Disqualification. A judge disqualified by the terms of Section 3E may disclose on the record the basis of the judges disqualification and may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification. If following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, the parties and lawyers, without participation by the judge, all agree that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. The agreement, signed by all parties and lawyers, shall be incorporated in the record of the proceeding.

The rule does not contemplate counsel's knowledge could be imputed to the client. Again, the language is clear that any waiver must be signed by "all parties and lawyers," and included in the record. Although there was some discussion by counsel, it is uncontroverted that the appellant did not know about the judge's husband nor was any written waiver even executed.

In light of our holding on recusal, the remaining argument becomes moot. Therefore, the judgment of the Fayette Circuit Court is reversed and the matter remanded for proceedings consistent with this opinion.

McANULTY, Judge, concurs.

BUCKINGHAM, Judge, concurs in result and files separate opinion.

BUCKINGHAM, Judge, concurring in result.

This unfortunate situation could have been avoided had the trial judge either allowed the case to be transferred to another Fayette Circuit Court judge or disclosed the relationship prior to the trial. Neither of those circumstances occurred, and I concur with the majority that the judgment must be vacated and the case remanded for a new trial. However, I concur in the result for reasons slightly different from those cited in the majority opinion. Because of the importance of the issues and the amount of the judgment, I desire to write separately.

The majority opinion holds that the trial judge was automatically disqualified because of her husband's relationship with the firm that represented Oliver. While I agree that KRS 26A.015(2)(d)2 and Canon 3E(1)(d)(ii) of the Kentucky Code of Judi-

cial Conduct require a judge to disqualify herself if one of the parties to the proceeding is represented by her spouse, I disagree that Rule 1.10(a) of the Kentucky Code of Professional Conduct requires automatic disqualification of the judge in this situation. That rule relates to the representation of clients by attorneys and does not relate to the conduct or disqualification of the judge. I also disagree that JE–84 has any relevance. Rather, I agree with the commentary to Canon 3E(1)(d) that "[t]he fact that a lawyer in a proceeding is affiliated with a law firm with which a relative of the judge is affiliated does not of itself disqualify the judge."

I disagree with the majority and agree with Oliver that whether the judge's husband had "more than a *de minimis* interest that could be substantially affected by the proceeding" is a relevant issue. Canon E(1)(d)(iii). I disagree with the majority's reliance on the *Middle States* case, which held that the judge was disqualified based solely on the brother-in-law relationship, since the brother-in-law was a member of the firm and there was not a *de minimis* interest issue in the case. However, under the definition of *"de minimis"* in the terminology section of the Kentucky Code of Judicial Conduct, I conclude that the judge's husband in this case had more than a *de minimis* interest. *"De minimis"* is defined as "an insignificant interest that could not raise reasonable question as

to a judge's impartiality." The definition focuses on whether the interest is so insignificant as not to raise a reasonable question as to the judge's impartiality. I believe the judge's husband's interest could clearly raise a reasonable question as to the judge's impartiality in this case.[1]

Regardless of whether or not the interest of the judge's husband was *de minimis*, the judge was required to disqualify because of the appearance of impropriety. Canon 3E(1) requires disqualification where the judge's impartiality might reasonably be questioned. "The test for appearance of impropriety is whether the conduct would create in reasonable minds a perception that the judge's ability to carry out judicial responsibilities with integrity, impartiality and competence is impaired." Commentary to Canon 2A of the Kentucky Code of Judicial Conduct. I believe the relationship created in reasonable minds a perception that the judge's impartiality was impaired. Even though there may have been no real basis for disqualification, "[a] judge should disclose on the record information that the judge believes the parties or their lawyers might consider relevant to the question of disqualification. . . . . ." *See* commentary to Canon 3E(1).[2] In short, the trial judge should have disqualified herself for this additional reason even if her husband's interest in the proceeding was only *de minimis*.[3]

1. The judge's husband was listed as a member of the firm in the Martindale–Hubble Directory, and he was pictured with the other two members of the firm in a picture in an advertisement.

2. It appears that the trial judge may not have disclosed the relationship because her husband had an ethics opinion from Professor Richard Underwood of the University of Kentucky School of Law which stated that "the mere fact that you are associated with a firm should not disqualify the other lawyers in the firm from appearing before your judicial

spouse." While this opinion may protect the other members of the firm from a willful ethical violation, it does not address the obligation of the judge to disclose the relationship and disqualify. The opinion interprets ethical rules of conduct for attorneys under the Kentucky Code of Professional Responsibility and not ethical rules of conduct for judges under the Kentucky Code of Judicial Conduct.

3. *See Huffman v. Arkansas Judicial Discipline and Disability Comm'n.*, 344 Ark. 274, 42 S.W.3d 386 (2001), which involved somewhat

Next, I agree with the majority that there was no waiver by Dr. Abell of the disqualification, although I agree for a slightly different reason. The majority holds that there was no waiver because the remittal of disqualification procedure set forth in Canon 3F was not followed. Although this issue has not been addressed by Kentucky courts, I agree with the Iowa Supreme Court that the disqualification of a judge may be waived "by proceeding without objection with the trial of the case with knowledge of the disqualification" in addition to waiver by the remittal of disqualification procedure set forth in Canon 3F. *See Citizens First Nat'l. Bank v. Hoyt,* 297 N.W.2d 329, 333 (Iowa 1980). Furthermore, Kentucky case law holds that knowledge of grounds for disqualification coupled with a failure to object constitutes a waiver of the disqualification. *See Harrell v. City of Middlesboro,* Ky., 287 S.W.2d 614, 615 (1956); *Jones v. Stivers,* Ky., 447 S.W.2d 869, 870 (1969); *Bailey v. Bailey,* Ky., 474 S.W.2d 389, 391 (1971).[4]

Although I believe that disqualification may be waived by means other than in accordance with Canon 3F, I do not believe that such a valid waiver occurred in this case. Dr. Abell's attorney knew of the relationship, but it appears uncontradicted that Dr. Abell did not.[5] Oliver cites *Siler v. Proctor Coal Co.,* 272 Ky. 477, 114 S.W.2d 749 (1938), for the argument that the knowledge of the attorney of grounds for disqualification is imputed to the client.

The *Siler* case was decided prior to the adoption of the Kentucky Code of Judicial Conduct. Thus, I do not believe that case

would be applicable to these circumstances for two reasons. First, there was no affirmative duty upon the trial judge in that case to either disqualify or even disclose any relationship to the litigants. There was merely an allegation that the judge was prejudiced against one of the litigant's attorneys. Second, although I believe there may be a waiver of disqualification other than through Canon 3F, I conclude that such waiver must be by all parties and attorneys as in the case of a Canon 3F remittal of disqualification. In the case *sub judice,* Dr. Abell was not aware of the relationship and thus could not waive disqualification. Imputing the knowledge of Dr. Abell's attorney to him would not be consistent with Canon 3F which requires the parties as well as their attorneys to waive disqualification.

Finally, citing *Tennant v. Marion Health Care Foundation, Inc.,* 194 W.Va. 97, 459 S.E.2d 374 (1995), Oliver argues that the mere appearance of impropriety does not require a new trial. She asserts that she should not be penalized by either the judge's failure to disclose the relationship or Dr. Abell's attorney's conscious decision not to raise the issue until after the trial. The *Tennant* case is distinguishable for two reasons. First, in *Tennant* the failure to disclose the facts leading to disqualification was inadvertent. Here, the trial judge knowingly failed to disclose the facts. Second, in *Tennant* only the canon involving the appearance of impropriety was involved. Here, the canon involving the judge's spouse having more than a *de minimis* interest was also in-

similar circumstances and contains sound reasoning on this issue.

**4.** These cases were decided before the adoption of the Kentucky Code of Judicial Conduct.

**5.** If there were a fact issue regarding whether Dr. Abell knew or did not know of the relationship, I would remand for a hearing on the waiver issue rather than remand for a new trial. However, Oliver does not specifically dispute in her brief Dr. Abell's assertion that he did not know of the relationship until after the trial.

volved. I concur with the result for the reasons stated in this opinion.